UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN MCCARTHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 1122 |
| v. | ) |
| | ) |
| AT&T MOBILITY SERVICES LLC, | ) Judge Thomas M. Durkin |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION & ORDER

Plaintiff Brian McCarthy sued defendant AT&T Mobility Services LLC ("AT&T") for employment discrimination. AT&T moves to dismiss McCarthy's complaint as untimely and barred by res judicata. R. 27. For the following reasons, the Court denies AT&T's motion.

Background

McCarthy brings employment discrimination claims against AT&T under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. R. 1, 20. Before filing this lawsuit, McCarthy exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued McCarthy a right to sue notice on November 14, 2016, which advised him that his lawsuit must be filed within 90 days of receipt of the notice. R. 20 at 7. McCarthy alleges that he received the notice on November 19, 2016. *Id.* at 3.

On February 13, 2017—86 days after receiving the right to sue notice—McCarthy filed his initial complaint. R. 1. McCarthy also filed an application to proceed *in forma pauperis* and a motion for appointment of counsel. R. 4; R. 5. On February 23, this Court denied McCarthy's application to proceed *in forma pauperis* and his motion for appointment of counsel. R. 7.[1] The Court advised that "[f]ailure of plaintiff to pay the filing fee on or before March 23, 2017 will result in dismissal of this action." *Id.*

As of March 29, McCarthy had not paid the filing fee. The Court therefore dismissed the case "with prejudice for failure to comply with this Court's 2/23/2017 order" and entered judgment. R. 8; R. 9. On April 11, McCarthy moved to reopen the case. R. 11. McCarthy failed to appear at the hearing on his motion to reopen, so this Court denied the motion. R. 14.

McCarthy again moved to reopen the case on April 19, R. 15, and this time he appeared for the April 26 hearing date. At the hearing, McCarthy represented that he had not received the Court's notice instructing him to pay the filing fee by March 23. R. 19; *see also* R. 10; R. 12 (motions to reopen representing same). The Court granted McCarthy's motion to reopen the case and directed him "to pay the filing fee by 5/1/2017 and serve the defendant." R. 19. McCarthy promptly complied, paying the filing fee and filing a second complaint—identical to his first—on April 26, the same day as the hearing. R. 20.

---

[1] In his response to AT&T's motion to dismiss, McCarthy explains that he "was told by the clerk" to file an *in forma pauperis* application even though he "did not believe [he] qualified." R. 35 at 1.

2

The parties subsequently appeared for a status conference, and the Court set a discovery schedule. R. 25. Several weeks later, AT&T moved to dismiss. R. 27.

## Standard

AT&T moves to dismiss under Fed. R. Civ. P. 12(b)(6) on timeliness and res judicata grounds. Rule 12(b)(6) is the proper vehicle for AT&T's timeliness argument based on McCarthy's alleged failure to comply with the 90-day time limit set forth in his right to sue notice. *See, e.g.*, *Davis v. Potter*, 301 F. Supp. 2d 850, 855 (N.D. Ill. 2004). Res judicata, on the other hand, is an affirmative defense that should be raised in an answer and then in a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010).

AT&T's "error" in moving to dismiss on res judicata grounds under Rule 12(b)(6) "is of little consequence because the same legal standard applies under Rule 12(c) and 12(b)(6)." *Pacult v. Walgreen Co.*, 2011 WL 13209584, at *2 (W.D. Wis. June 14, 2011) (citing *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)); *accord Carr*, 591 F.3d at 913 (finding "error" "in dismissing the case under Rule 12(b)(6)" to be "of no consequence"). "Therefore, rather than require [AT&T] to resubmit its motion, [the Court] will treat its Rule 12(b)(6) motion on res judicata grounds as a Rule 12(c) motion for judgment on the pleadings." *Pacult*, 2011 WL 13209584, at *2.

The standard for analyzing motions to dismiss under Rule 12(b)(6) and Rule 12(c) is identical. *Buchanan-Moore*, 570 F.3d at 827. A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *E.g., Hallinan v. Fraternal Order of*

*Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give defendant "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

In evaluating a *pro se* complaint, the Court applies a less stringent standard than it applies to formal pleadings drafted by lawyers. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). But the Court need not ignore facts set forth in the complaint that undermine the plaintiff's claim, and the Court is not required to accept the plaintiff's legal conclusions. *Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 900 (N.D. Ill. 2016).

4

Discussion

I. Res Judicata Does Not Bar McCarthy's Second Complaint.

AT&T first argues that McCarthy's second complaint is barred by res judicata because this Court dismissed McCarthy's original complaint with prejudice. "Where a final judgment has been rendered on the merits of a claim, res judicata protects the finality of that judgment and prevents parties from undermining it by attempting to relitigate the claim." *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). "[A] dismissal for failure to prosecute or to comply with a court order operates as an adjudication on the merits." *Schmidt v. Campanella Sand & Gravel Co., Inc.*, 49 F. App'x 647, 651 (7th Cir. 2002). AT&T maintains that after this Court's dismissal with prejudice and on the merits, res judicata protected the finality of that judgment, and McCarthy's "only recourse was to appeal the dismissal order." R. 28 at 5.

AT&T ignores Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." "[Rule] 60(b)(1) allows a district court to reopen cases that have already been decided with prejudice up to a year earlier." *Fontanez v. Cornier*, 342 F. App'x 210, 211-12 (7th Cir. 2009); *see* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

5

Although he did not title it as such, McCarthy's motion to reopen his case following this Court's dismissal with prejudice is best construed as a Rule 60(b)(1) motion. This Court granted McCarthy's motion to reopen based on grounds of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1)—namely, McCarthy's credible representations that he did not receive this Court's order instructing him to pay the filing fee by March 23, 2017. *See* R. 10; R. 12; R. 19.

This Court's decision to reopen McCarthy's case on grounds provided for in Rule 60(b)(1) means that res judicata does not bar McCarthy's second complaint. *See Dohm v. Gilday*, 2003 WL 22118932, at *2 (N.D. Ill. Sept. 11, 2003) (refiled case is "barred by res judicata" unless plaintiff seeks "relief from the dismissal order pursuant to Rule 60(b)"); *Bank of Cal., N.A. v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir. 1983) ("Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal," and "[t]he problem of figuring out whether a prior judgment should be given res judicata or collateral estoppel effect is a perennial one, which we should not make harder than it already is by preventing our district judges from using Rule 60(b)(1) in appropriate cases to correct erroneous forms of judgment").

## II. McCarthy's Second Complaint Is Timely.

AT&T further argues that McCarthy's second complaint should be dismissed for failure to comply with the 90-day time limit set forth in his right to sue notice. "An employment discrimination claim must be brought within 90 days after the

6

plaintiff's receipt of a right to sue letter from the EEOC." *Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 847 (7th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)). AT&T maintains that the 90-day clock expired before McCarthy filed his second complaint.

As a general rule, once a suit is dismissed—even without prejudice—the tolling effect of the suit is extinguished, and the limitations period continues to run from its original starting point. *See, e.g., Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) ("the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII," meaning that a plaintiff must "refile within the original ninety day period" from the right-to-sue notice); *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) ("a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed"). McCarthy does not, and cannot, dispute that his second complaint was not filed within "within the original ninety day period" following his right to sue notice. *See Wilson*, 815 F.2d at 28.

As the Seventh Circuit has made clear, however, "[t]he timely filing of an EEOC charge is not a jurisdictional prerequisite to filing a federal lawsuit, but rather, is more akin to a statute of limitations and subject to . . . equitable tolling under appropriate circumstances." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999); *Alsaras v. Dominick's Finer Foods, Inc.*, 248 F.3d 1156 (7th Cir. 2000) (same). "Equitable tolling often focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant." *Hentosh*, 167 F.3d at 1174 (quotation

7

marks omitted). The Seventh Circuit has "explained the three circumstances where equitable tolling might be available" in employment discrimination cases: "'[1] when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that she has a claim; [2] when a plaintiff makes a good-faith error such as timely filing in the wrong court; or [3] when the defendant prevents a plaintiff from filing within the statutory period.'" *Murray v. Kramer*, 2013 WL 1966133, at *2 (N.D. Ill. May 10, 2013) (quoting *Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012)).

The District of Connecticut in *Cowan v. Cahill*, 2016 WL 5348567, at *7 (D. Conn. Sept. 23, 2016), applied equitable tolling in circumstances very similar to those here, and its reasoning is instructive. The *Cowan* court dismissed the plaintiff's case without prejudice and entered judgment for the defendants after the plaintiff "did not provide proper supporting documentation for his application to proceed *in forma pauperis*." *Id.* at *4. The court subsequently granted the plaintiff's Rule 60(b)(1) motion to reopen. *Id.* During the period between the entry of judgment and the granting of the Rule 60(b)(1) motion, the three-year statute of limitations expired. *Id.* Defendants moved for summary judgment on timeliness grounds. *Id.*

The *Cowan* court began by reciting the same legal principles relied on by AT&T here, including cases supporting that "'once a suit is dismissed, even without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action

8

accrued, without interruption by that filing.'" *Id.* (quoting *Ciralsky v. CIA*, 335 F.3d 661, 672 (D.C. Cir. 2004)).

But, the *Cowan* court further explained, "[e]quitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." 2016 WL 5348567, at *6 (quotation marks omitted). "The doctrine is particularly 'appropriate where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.'" *Id.* (quoting *Chao v. Russell P. LeFrois Builder*, 291 F.3d 219, 223 (2d Cir. 2002)).

The *Cowan* court found equitable tolling appropriate in that case because: (1) the plaintiff's original complaint was filed during the statutory period, showing active pursuit of judicial remedies; (2) the plaintiff repeatedly and promptly tried to reopen the case once he learned about the dismissal, showing diligence; (3) the plaintiff represented that he was unaware of the order reciting the deficiencies in his *in forma pauperis* application, showing inadvertence; and (4) the plaintiff's new complaint named the same defendants and raised the same claim, meaning that defendants were put on notice during the statutory period. *Id.*

Each of these justifications for equitable tolling is equally applicable here. McCarthy's original complaint was timely filed[2]; McCarthy promptly attempted to

---

[2] McCarthy's original compliance with the 90-day time limit is a crucial distinction between this case and *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984), on which AT&T relies. In *Baldwin*, the plaintiff failed to file her case within the 90-day time limit. *Id.* at 148, 151. The plaintiff then failed to comply with instructions by a magistrate judge and the district judge instructing her on what to do to preserve her claim. *Id.* at 151. The Supreme Court explained: "The simple fact is that Brown was told three times what she must do to preserve her

9

reopen the case after he learned it had been dismissed; McCarthy credibly represented that he did not receive the Court's February 23 order instructing him to pay the filing fee by March 23[3]; and McCarthy's new complaint names the same defendant and raises the same claims. The Court therefore finds equitable tolling appropriate based on McCarthy's "good-faith error," *Porter*, 463 F. App'x at 584, and "the lack of prejudice to the defendant," *Hentosh*, 167 F.3d at 1174 (quotation marks omitted). This means that, as in *Cowan*, the limitations period was "extended until after [McCarthy] moved to reopen his case." 2016 WL 5348567, at *7. Once the Court granted the motion to reopen, "the case and the complaint were both timely reinstated." *Id.*

In its reply brief, AT&T further argues that neither of McCarthy's complaints was timely filed based on his failure to pay the filing fee until after the 90-day time limit. AT&T points to Northern District of Illinois Local Rule 3.3 for the proposition that a complaint is not "filed" until "the complaint, accompanied with the appropriate filing fee, is submitted to the clerk." *Humphries v. CBOCS W., Inc.*, 343 F. Supp. 2d 670, 672 (N.D. Ill. 2004) (citing L.R. 3.3). AT&T maintains that under

---

claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* Here, by contrast, McCarthy acted diligently, including by timely filing his original complaint.

[3] AT&T claims that the Seventh Circuit's "presumption . . . that documents mailed via the postal service arrive at their intended destination," *Cohen v. Hoyer*, 32 F. App'x 755, 760 (7th Cir. 2002), should apply to rebut McCarthy's claim that he did not receive the February 23 order. But this Court already credited McCarthy's representation that he did not receive the order when it decided to reopen McCarthy's case. Especially in light of McCarthy's general diligence and the greater leniency afforded to *pro se* plaintiffs, the Court declines to revisit that determination now.

this rule, McCarthy had not filed a complaint until he paid the filing fee on April 26, 158 days after he received the right to sue notice.

AT&T's argument is misplaced for several reasons. To begin, the Seventh Circuit has made clear that a "complaint is filed" for statute of limitations purposes "when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like." *Robinson v. Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001); *see also Farley v. Koepp*, 788 F.3d 681, 684-85 (7th Cir. 2015) ("The timeliness of an action based on federal question jurisdiction turns on the date the action was commenced in accordance with Rule 3 of the Federal Rules of Civil Procedure. . . . Under Rule 3 '[a] civil action is commenced by filing a complaint with the court.' Rule 5(d)(2), in turn, explains what 'filing' means: 'A paper is filed by delivering it . . . to the clerk.' . . . Read together, these provisions instruct us that to determine when a 'filing' has been made, 'deliver[y] . . . to the clerk' is of paramount importance, and requirements of form—whether in the federal or local rules—are insufficient to disqualify a filing."). Thus, McCarthy's original complaint was filed for purposes of the limitations period when the clerk received it—*i.e.*, on day 86 of the 90 day time limit.

Furthermore, it is generally true that after "the judge rejects an IFP petition," the limitations period "resumes running upon the date the plaintiff receives notification of the denial" and continues to run "until the date the filing fees are paid." *Humphries*, 343 F. Supp. 2d at 672-73. But "[w]here the court grants a complainant an extension of time to pay the filing fee, a complaint can be held as

11

timely even though the filing fee was paid beyond the 90-day statutory period." *Id.* at 673 (citing *Robinson v. America's Best Contacts and Eyeglasses,* 876 F.2d 596, 598 (7th Cir. 1989)).

Here, the Court initially granted McCarthy an extension of time until March 23 to pay the filing fee, R. 7, in an order that he credibly represents that he never received. The Court subsequently granted McCarthy an extension of time until May 1 to pay the filing fee, R. 19, and he paid the fee before that extension expired. *Compare Humphries*, 343 F. Supp. 2d at 673 (holding complaint untimely where the court "never granted Humphries an extension of time in which to . . . pay the filing fee," and the fee was paid after the 90-day time limit expired). Because McCarthy's payment of the filing fee complied with this Court's grant of an extension, his "complaint can be held timely." *See id.* Additionally, the Court already has found that equitable tolling applies to the period up through the filing of McCarthy's second complaint on April 26—the same day he paid the filing fee. Accordingly, the timing of McCarthy's payment of the filing fee does not alter this Court's conclusion that his second complaint is timely.

## Conclusion

For these reasons, the Court denies AT&T's motion to dismiss (R. 27).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 21, 2017